IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re *Ex Parte* Application of<br>**YOUNGPOONG CORPORATION,**<br><br>　　　　　　　　　　　　**Applicant,**<br><br>**for an Order Pursuant to 28 U.S.C. § 1782**<br>**to Take Discovery for Use in**<br>**Foreign Proceedings** | Case No.: 25-MC-194 |

**[PROPOSED] ORDER GRANTING APPLICANT'S *EX PARTE*
PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

　　**THIS CAUSE** comes before the Court on the *Ex Parte* Application of Youngpoong Corporation ("**Youngpoong**" or "**Applicant**") for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings (the "**Application**") (Doc. 14), which seeks documentary evidence from PedalPoint Holdings, LLC ("**PedalPoint**") in aid of a civil shareholder derivative suit pending before the Seoul Central District Court of the Republic of Korea in a case between Plaintiff Youngpoong on behalf of Korea Zinc Company, Limited, and Defendants Yun Birm Choi, Jin-soo Noh, and Ki-Deok Park (the "**Shareholder Suit**").

　　The statutory requirements under Section 1782 have been met. The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance. More particularly: (1) the requested discovery appears not to be obtainable through an order from the foreign court; (2) there is no indication that the foreign court would not be receptive to U.S. federal court judicial assistance; (3) the Petition does not conceal an attempt to circumvent foreign proof gathering

restrictions; and (4) the Petition seeks discovery that is not unduly intrusive or burdensome as the evidentiary requests are narrowly tailored both substantively and temporally.

The Court, having considered the papers on file and submitted herewith, and good cause appearing, hereby **GRANTS** the Petition.

Applicant is granted leave to serve the Subpoenas attached as Exhibits **A-F** to the Declaration of Brian J. Fischer, directing PedalPoint to produce the documents and provide the testimony requested pursuant to Federal Rule of Civil Procedure 45. Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

Additionally, Youngpoong seeks permission to proceed *ex parte*. Courts routinely grant similar petitions *ex parte*. Accordingly, Applicant's request to proceed without serving the Petition on Respondents is **GRANTED**.

Applicant is authorized to serve its proposed subpoenas on PedalPoint. Applicant shall also provide actual notice of the subpoenas to the parties to the Shareholder Suit. If PedalPoint or any party to the Shareholder Suit seeks to file a motion to quash or a motion for a protective order, they must do so fourteen (14) days from the date of service or notice.

Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

The Clerk of Court is directed to terminate the motion at ECF No. _____ and to close the case.

SO ORDERED.

Dated this ____ day of _____, 2025

                                                                                                                                   _____
                                                                                 The Honorable Jeannette A. Vargas
                                                                                 United States District Judge