UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :

IN RE APPLICATION OF YOUNGPOONG     :    25-MC-00194 (JAV)
CORPORATION     :

    :    <u>ORDER</u>

FOR AN ORDER SEEKING DISCOVERY     :
PURSUANT TO 28 U.S.C. § 1782     :

    :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On April 30, 2025, Applicant Youngpoong Corporation ("Applicant") commenced this action, seeking an *ex parte* order authorizing discovery for use in a foreign proceeding from Pedalpoint Holdings, LLC ("PedalPoint") by means of subpoenas served pursuant to Rule 26, 30, and 45 of the Federal Rules of Civil Procedure. *See* ECF No. 10 ("Appl."). On June 20, 2025, the Applicant filed an amended application. *See* ECF No. 14 ("Am. Appl."); *see also* ECF No. 19 ("June 20, 2025 Applicant's Ltr."). For the reasons stated below, the application is **GRANTED IN PART AND DENIED IN PART**, without prejudice to the timely filing of a motion to quash the subpoenas.

The Applicant "brings this Section 1782 Application to obtain evidence for its shareholder derivative action . . . against directors who breached their duty of care when authorizing the acquisition of a U.S.-based company through a wholly-owned U.S. subsidiary." *See* ECF No. 15 ("Am. Mem. of Law in Supp. of Appl.") at 1. Applicant owns 25.4% of Korea Zinc Co., Ltd. ("Korea Zinc"). *Id.* PedalPoint is a wholly owned subsidiary of Korea Zinc. *Id.*; *see also* ECF No. 16 ("Am. Fischer Decl."), ¶ 5. Applicant commenced a shareholder derivative suit in the Seoul Central District Court in the Republic of Korea (the "Korean Proceeding"). Am. Appl., ¶ 1.; *see also* June 20, 2025 Applicant's Ltr. In that suit, Applicant alleges that the directors of Korea Zinc—Yun Birm Choi, Jin-soo Noh, and Ki-Deok Park (collectively, the "Directors")—breached their duty of care when they authorized the Respondent to acquire Igneo Holdings LLC ("Igneo")

because, *inter alia*, there was no reasonable or adequate basis for the sizable purchase price. *Id*. The proposed subpoenas seek documents and testimony, including a Rule 30(b)(6) deposition of PedalPoint, regarding details of the Igneo acquisition and the valuation of Igneo for use in the Korean Proceeding. Am. Appl., ¶ 1; Am. Fischer Decl.

In their application and supporting papers, Applicant states that it is seeking authorization to serve subpoenas on PedalPoint alone. Am. Appl. ¶ 1; Am. Fischer Decl. ¶¶ 14-16. Yet four of the proposed subpoenas seek deposition testimony from PedalPoint's corporate officers rather than from PedalPoint itself. Specifically, Exhibits C-F to the Amended Fischer Declaration include subpoenas directed to Janet Ha, Senior Manager at PedalPoint; Kevin Hahn, CFO of PedalPoint; Brian Diesselhorst, CEO of PedalPoint (Igneo) Recylcing; and Mark Pope, CEO of PedalPoint. ECF No. 16. Such deposition subpoenas are not properly served upon PedalPoint, but instead must be directed to and served upon the individuals from whom testimony is sought. Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . ."). The Court therefore construes the application as seeking authorization to serve discovery upon the individuals named in the subpoenas, in addition to PedalPoint.

Section 1782(a) authorizes a district court to order discovery for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). It also authorizes district courts to grant applications made pursuant to § 1782 *ex parte*. "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak,* 486 Fed. App'x 215, 217 (2d Cir. 2002); *see also In re FourWorld Event Opportunities Fund, L.P.*, No. 22 Misc. 316 (KPF), 2022 WL 17156111, at *3 (S.D.N.Y. Nov. 21, 2022). Upon the granting of the Application, any responding party will have ample opportunity to object and be heard.

Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied. First, that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made. Second, that the discovery be for use in a foreign proceeding before a foreign tribunal. And third, that the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015) (cleaned up). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264-65.

The three statutory requirements are met here with respect to Respondent PedalPoint. First, PedalPoint "resides" or "is found" in the Southern District of New York because its office is within New York. Am. Appl., ¶ 3; Am. Fischer Decl. ¶ 4. *See In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018). Second, the discovery sought is "for use in" the shareholder suit currently pending in the Seoul Central District Court in the Republic of Korea because it is "something that will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd*., 869 F.3d 121, 132 (2d Cir. 2017). Applicant's request for PedalPoint's financial records could potentially support the claim that PedalPoint's directors breached their duty to perform due diligence on the at-issue transactions, or intentionally acquiring an over-valued company by demonstrating Igneo was purchased for an

inflated price. Am. Mem. of Law in Supp. of Appl. at 14. Third, Applicant is an "interested person" under the statute because Applicant is the petitioner in the Korean proceedings. Am. Mem. of Law in Supp. of Appl. at 15. *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (A party to the foreign proceeding is an "interested person" under Section 1782).

With respect to the subpoenas seeking testimony from the four corporate officers of PedalPoint, however, Applicant has not submitted any evidence as to where these individuals reside. Without evidence that the statutory requirements are met as to the PedalPoint corporate officers, the Court cannot authorize depositions of these individuals.

The four discretionary *Intel* factors weigh in favor of granting the application as it pertains to PedalPoint. *See Intel*, 542 U.S. at 264-65. First, PedalPoint is not a participant in the foreign proceeding. Am. Mem. of Law in Supp. of Appl. at 16. *See Gorsoan Ltd. v. Bullock*, 652 Fed. App'x 7, 9 (2d Cir. 2016) (unpublished) (Respondents are "not parties to the foreign proceedings, so the first *Intel* factor weighs in favor of discovery.")

Second, for these purposes, the Court can conclude that Korean Courts would likely be receptive to this form of U.S. judicial assistance because there appears to be no "authoritative proof" otherwise. Am. Mem. of Law in Supp. of Appl. at 17. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (A district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," such as proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures").

Third, the application does not conceal an attempt to circumvent foreign evidence-gathering rules. This factor concerns whether the application circumvents foreign "rules akin to privileges that *prohibit* the acquisition or use of certain materials," not "rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide

information." *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015). Additionally, the "availability of the discovery in the foreign proceeding should not be afforded undue weight" in this analysis. *Id*. The application does not seek to violate foreign prohibitions because Applicant "is not aware of any proof gathering restrictions in Korean courts that would preclude the use of the sought discovery." Am. Mem. of Law in Supp. of Appl. at 18. South Korean courts have been receptive to Section 1782 applications under similar circumstances. *Id*.

Fourth and finally, the discovery sought does not appear to be facially "unduly intrusive or burdensome" within the meaning of Rule 26(b)(1). *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015). The discovery sought is appropriately tailored because it focuses on the two related transactions that accomplished the acquisition and are central to the Korean Proceeding. The requested documents involve a limited number of subjects, are narrowed to a reasonable time, and specifically target how PedalPoint determined Igneo's value. Am. Mem. of Law in Supp. of Appl. at 19-20. With respect to the subpoena seeking a Rule 30(b)(6) deposition of PedalPoint, the noticed topics appear to be limited to the acquisition of Igneo and the valuation issues that are the subject of the Korean Proceeding. The Court's decision, however, is without prejudice to any objections that may be raised to the subpoenas pursuant to Rules 26 and 45, including on the grounds of relevance and burden.

## CONCLUSION

Accordingly, the application to serve discovery upon PedalPoint is GRANTED IN PART AND DENIED IN PART. Applicant's U.S. counsel, BRIAN J. FISCHER, is authorized to serve the subpoenas attached as Exhibits A and B to the Declaration of Brian J. Fischer, ECF Nos. 16-1 and 16-2, on Respondent PedalPoint, together with a copy of this Order, no later than **thirty days** from the date of this Order. No later than **the same date**, and *before* serving the subpoenas on PedalPoint, Applicant shall provide actual notice and courtesy copies of the subpoena, application,

and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

By **September 8, 2025**, Applicant shall file a status report with the Court as to the status of this case.

This Order is without prejudice to a renewed submission from Applicant with respect to the request for authorization to serve discovery upon any individual corporate officer.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Southern District of New York, and the Court's Individual Rules and Practices in Civil Cases. If the parties believe that a protective order is appropriate or necessary, they shall adhere to the procedures set forth in Section 5.N of the Court's Individual Rules. In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate ECF Nos. 10 and 14.

SO ORDERED.

Dated: July 2, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge