IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re *Ex Parte* Application of YOUNGPOONG CORPORATION, <br><br> Applicant, <br><br> for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings | Case No.: 25-MC-194 |

**SUPPLEMENTAL *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

1.  Applicant Youngpoong Corporation, ("**Youngpoong**"), by and through its undersigned counsel, Jenner & Block, respectfully submits this Application to take discovery from two corporate officers of PedalPoint Holdings, LLC ("**PedalPoint**") pursuant to 28 U.S.C. § 1782: Kevin Hahm, Chief Financial Officer and Janet Ha, Senior Manager. This application ("**Supplemental Application**") seeks entry of an order, in a form identical or similar to the proposed order attached to this application, granting Youngpoong leave to serve the deposition subpoenas attached as **Exhibit A and Exhibit B** to the accompanying Declaration of Brian J. Fischer, Esq. dated July 11, 2025 ("**Supplemental Fischer Declaration**"), pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure. The subpoenas direct Hahm and Ha to provide testimony for use in a shareholder derivative suit in the Seoul Central District Court in the Republic of Korea (the "**Shareholder Suit**").

2.  On April 30, 2025, Applicant filed its initial Application for an *ex parte* order authorizing discovery from PedalPoint for use in a foreign proceeding by means of subpoenas served pursuant to Rule 26, 30, and 45 of the Federal Rules of Civil Procedure. Dkt. No. 1. On

June 20, 2025, the Applicant filed an Amended Application. Dkt. Nos. 14-19. This Supplemental Application incorporates the Amended Application, including the Memorandum of Law, Dkt. No. 15, Amended Declaration of Brian J. Fischer, Dkt. No. 16, Amended Declaration of Jeong Kyoo Han, Dkt. No. 17, and all other relevant documents and filings by reference.

3. On July 2, 2025, the Court granted Youngpoong's application to take discovery from PedalPoint in the form of document and deposition subpoenas. Dkt. No. 20 ("**Order**"). The Court concluded that both statutory and discretionary factors required to authorize Section 1782 discovery were met as to PedalPoint. Dkt. No. 20 at 3-4. The Court found that the "requested documents involve a limited number of subjects, are narrowed to a reasonable time, and specifically target how PedalPoint determined Igneo's value," and that the topics noticed for deposition appeared "limited to the acquisition of Igneo and the valuation issues that are the subject of the Korean Proceeding." *Id*. at 5.

4. As to the requested depositions against officers of PedalPoint, the Court stated that absent "any evidence as to where these individuals reside," it "cannot authorize depositions of these individuals." Dkt. No. 20 at 4. The Court also stated that "[t]his Order is without prejudice to a renewed submission from Applicant with respect to the request for authorization to serve discovery upon any individual corporate officer."

5. Youngpoong now renews its submission to take discovery from Kevin Hahm and Janet Ha, both of whom reside in this District. *See* Supplemental Fischer Declaration, ¶¶ 4-5. Both officers are expected to be able to testify concerning PedalPoint's acquisition of Igneo, including the valuation of Igneo, the role of PedalPoint and parent company Korea Zinc's management in

the transaction, and any benefits that flowed to Korea Zinc or its directors from the transaction. *Id.*[1]

6. All statutory requirements of Section 1782 are met here. Hahm and Ha "reside in" this district. *See* Supplemental Fischer Declaration, ¶¶ 4-5. As explained in the Amended Memorandum (Dkt. No. 15), the discovery is sought "for use" in the Shareholder Suit; and (iii) Youngpoong is an "interested person" in the Korean Proceedings because it is the plaintiff in the Shareholder Suit.

7. Additionally, this Application satisfies all the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). As explained in the Amended Memorandum of Law and supporting materials: (i) PedalPoint's officers (including Hahm and Ha) are not parties to the Shareholder Suit; (ii) Korean courts are receptive to judicial assistance from a United States court; (iii) Youngpoong is not attempting to circumvent foreign proof-gathering restrictions, and Korean courts have been receptive to Section 1782 applications under similar circumstances; and (iv) the discovery sought is narrowly tailored and not intrusive or unduly burdensome. See *Intel*, 542 U.S. at 241.

8. Finally, as discussed in the Amended Memorandum, granting this Application on an *ex parte* basis is appropriate. *See, e.g.*, *In re Hornbeam Corp.*, 722 F. App'x 7, 11 (2d Cir. 2018) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.") (quoting *Gushlak v. Gushlak*, 486 F. App'x. 215, 217 (2d Cir. 2012)); *In Re Porsche Auto. Holding*, No. 15-mc-00417, 2016 WL 702327, at *13 (S.D.N.Y. Feb.

---

[1] At this time, Applicant is not seeking deposition subpoenas directed to PedalPoint CEO Mark Pope and PedalPoint Recycling CEO Brian Diesselhorst because we have not yet been able to confirm that these officers personally reside within this district. Applicant reserves the right to file a supplemental application seeking evidence from these officers in the future.

18, 2016) (granting expedited *ex parte* Section 1782 application).  The officers remain able to move to quash the subpoenas after they have been authorized and issued.

9. For the above reasons, Youngpoong respectfully requests that the Court grant the Supplemental Application and authorize it to issue subpoenas for depositions of two PedalPoint officers, namely, Kevin Hahm and Janet Ha; for the Court to retain jurisdiction over this matter for purposes of enforcing any subpoenas issued herein; and for such other and further relief as the Court deems just and proper.

Dated: July 11, 2025

Respectfully submitted,

By: /s/ Brian J. Fischer

Brian J. Fischer
Jason P. Hipp
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
jhipp@jenner.com
bfischer@jenner.com

*Attorneys for Youngpoong Corporation*