**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re *Ex Parte* Application of<br><br>*Youngpoong Corporation*, Applicant,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 1:25-mc-00194<br><br>**<u>PROTECTIVE ORDER</u>** |

JEANNETTE A. VARGAS, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case, and to limit the use of discovery produced in this action solely for the prosecution and defense of the case *Youngpoong Corporation v. Yun Birm Choi, Jin-soo Noh, and Ki-Deok Park*, Case No. 2025GaHab4454 in the Seoul Central District Court of Korea, and civil appeals thereof in the Seoul High Court and the Supreme Court of Korea (the "Korean Proceeding");

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing subpoena compliance and discovery use in this action;

1

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Protective Order (hereinafter, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate Confidential only such portion of such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

   (a) previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) previously non-disclosed material relating to ownership or control of any nonpublic company;

   (c) previously non-disclosed business plans, product development information, or marketing plans;

   (d) any information of a personal or intimate nature regarding any individual;

   (e) any other previously non-disclosed sensitive business and/or other proprietary information, or

   (f) any other category of information hereinafter given Confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion Confidential by: (a) stamping or otherwise clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility; and (b) if a party seeks to file any Discovery Material containing Confidential information with this Court or the tribunal overseeing the Korean Proceeding, then within 10 business days after the filing party requests the producing party redact such

Confidential information, the producing party will redact the Confidential information for the filing party to file, unless such information was redacted at the time of production.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If prior to the last hearing date of the appellate proceedings for the Korean Proceeding, or within 30 days from the date of the designation, whichever is later, a producing person realizes that some portion(s) of Discovery Material previously produced by the producing person without limitation should be designated Confidential, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential under the terms of this Protective Order.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility in the Korean Proceeding of any document, testimony, or other evidence.

7. Where a producing person has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Confidential Discovery Material or information contained therein to:

   (a)  the Parties to this action and the parties to the Korean Proceeding, their in-house counsel as well as employees of such counsel assigned to and necessary to assist in the Korean Proceeding, their insurers, and counsel to their insurers;

3

(b)     counsel of record in this action and/or the Korean Proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; as well as counsel retained specifically for this action and/or the Korean Proceeding, provided such specifically retained counsel has first executed the Non-Disclosure Agreement in the form attached hereto;

(c)     any court personnel at the Seoul Central District Court in the Republic of Korea or the Seoul High Court or the Supreme Court of Korea (the "Korean Tribunal") who have access to any confidential information by virtue of his or her position in connection with the Korean Proceeding;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter or the Korean Proceeding, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e)     any mediator or arbitrator engaged by the Parties in this matter or the Korean Proceeding, or appointed by this Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto; and any mediator or arbitrator appointed by the Korean Tribunal;

(f)     as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(g)     any witness who, in the good-faith belief of counsel for a Party, may be called to testify at a deposition in this action or at trial, deposition, or hearing in the Korean Proceeding, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h)     any person retained by a Party to serve as an expert witness in the Korean Proceeding or otherwise provide specialized advice to counsel in connection with the Korean Proceeding, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

4

> (i)    stenographers engaged to transcribe depositions conducted in this action or depositions and hearings conducted by Parties in the Korean Proceeding; and
>
> (j)    this Court, including any appellate court, and the court reporters and support personnel for the same.

8.  Before disclosing any Confidential Discovery Material to those persons referenced in subparagraphs 7(b), 7(d), 7(e), 7(g), or 7(h) above to whom the Non-Disclosure Agreement requirement applies, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at a deposition or at the Korean Proceeding, whether orally or in writing) or at the conclusion of the Korean Proceeding, whichever comes first.

9.  Any Party who objects to any designation of confidentiality may, prior to the last hearing date of the appellate proceedings for the Korean Proceeding, or within 30 days from the date of the designation, whichever is later, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may, at any time during this matter or the Korean Proceeding, serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within seven business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the

discovery request but may affix the appropriate confidentiality designation.

12. Recipients of Discovery Material under this Protective Order may not use such material for any business, commercial, or competitive purpose independent of the Korean Proceeding, or in (or in connection with) any other litigation or proceeding, except those set forth in Paragraph 7. No recipient of Discovery Material may use such material for any purpose in any criminal proceeding, whether domestic or foreign, at any phase of investigation, prosecution, sentencing, or appeal. Nor may any recipient of Discovery Material use such material for any purpose in connection with a business or management purpose, including in (or in connection with) shareholder or board of directors meetings, meetings with other business executives, press releases, whether in person, print, digital format, or online. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, this action. Nor does anything in this Protective Order prohibit the Parties from using the Confidential Discovery Material in the Korean Proceeding.

13. Any recipient seeking to use Confidential Discovery Material in the Korean Proceeding must use best efforts to cooperate with a request from the producing party that the Tribunal in the Korean Proceeding adopt protective measures to ensure the Confidential Discovery Material. The filing of such information shall be in accordance with the applicable procedures and rulings of the foreign tribunal for the protection of confidential information.

14. Nothing herein will prevent any person subject to this Protective Order from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice, to the extent permitted by law, to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will, to the extent permitted by law, have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15. In accordance with Section 10(C) of this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal

documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16. The Court also retains unfettered discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential.

17. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

18. Each person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") as that term is construed under U.S. law (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. Further, the producing person or party reserves the right to redact from any Discovery Material the following personal information belonging to any data subjects, including South Korean citizens or nationals, to the extent required under South Korea's Personal Information Protection Act ("PIPA"): (i) unique identifying information under PIPA (e.g., national registration number, driver's license number, passport number, and foreigner's registration number); and (ii) sensitive identifying information under PIPA (e.g., identifying information relating to an individual's political ideologies, beliefs, health, sexual life, or religion). In the event

that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure. Nothing herein shall preclude the receiving party from challenging the propriety of redactions made pursuant to this provision in accordance with applicable court procedures.

20. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

21. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

22. Within seven business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

23. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

24. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

25. This Protective Order shall survive the termination of the litigation and of the Korean Proceeding and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action and the Korean Proceeding, whichever comes last, all Discovery Material designated Confidential, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, and all copies thereof, shall be destroyed. In either

8

event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

26. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated: December 8, 2025
New York, New York

_____
JEANETTE A. VARGAS
United States District Judge

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re *Ex Parte* Application of<br><br>*Youngpoong Corporation*, Applicant,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 1:25-mc-00194<br><br>**<u>NON-DISCLOSURE</u>**<br>**<u>AGREEMENT</u>** |

   I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and the Korean Proceeding, and that within 30 days of the final disposition of this action or the Korean Proceeding, whichever comes last, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____