UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

IN RE APPLICATION OF *YOUNGPOONG*     :
*CORPORATION*                      :          25-MC-00194 (JAV)
                                :

FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO :       ORDER
CONDUCT DISCOVERY FOR USE IN FOREIGN    :
PROCEEDINGS                     :
                                :
-------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

On November 19, 2025, the Court issued an Opinion and Order denying Respondents'

Motion to Vacate the Court's July 2 and July 16 Orders and to Quash the Subpoenas Issued

Pursuant to the Same Orders, ECF No. 30.  ECF No. 50 at 1.  On December 5, 2025,

Respondents filed a motion to stay pending appeal of this Court's July 2, July 16, and November

19 Orders at ECF Nos. 20, 25, 50 ECF No. 59 ("Motion for Stay Pending Appeal") at 1.  On

December 5, 2025, Respondents also filed a motion requesting an administrative interim stay of

the Court's Orders to maintain the status quo while the Court (and potentially the Second Circuit

Court of Appeals) considers the merits of the Motion for Stay Pending Appeal.  ECF No. 63

("Motion for Administrative Stay") at 1.  For the following reasons, Respondents' Motion for

Stay Pending Appeal is DENIED, but Respondents' Motion for an Administrative Stay is

GRANTED.

Courts consider four factors when assessing a motion for a stay pending appeal: (1) "the

[movant's] 'strong showing that he is likely to succeed on the merits,'" (2) "irreparable injury to

the [movant] in the absence of a stay," (3) "irreparable injury to the nonmoving part if a stay is

issued," and (4) "the public interest." *New York v. United States Dep't of Homeland Sec.*, 974

F.3d 210, 214 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  "The first two

factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* (quoting *Nken*, 556 U.S. at 434-35).  Accordingly, "a stay is 'an exercise of judicial discretion,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 434-35).

The first factor, which considers the movant's likelihood of success on the merits, weighs heavily in favor of denying the stay pending appeal.  Respondents do not challenge the Court's application of the three statutory requirements of 28 U.S.C. § 1782.  *See* ECF No. 60 ("Mem.") at 3-6.  Instead, Respondents only challenge the Court's application of the *Intel* factors, specifically the first and third *Intel* factors.  *See id.*  The Court, however, has "broad discretion" when applying the *Intel* factors, *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 155 (2d Cir. 2022), and Respondents' arguments do not establish that there is a substantial question that the Court abused its discretion in applying the *Intel* factors.

The second and third factors weigh in opposite directions, but the Court finds that when weighed together they weigh in favor of denying the stay pending appeal.  While the Court recognizes that Respondents could suffer injury if Applicant accesses information to which it is not ultimately entitled, *see* Mem. at 10, any such injury is mitigated by the Court's entry of a protective order in this matter.  Moreover, Applicant could suffer irreparable injury if it is denied access to information to which it is ultimately entitled.  In particular, the foreign action for which Applicant seeks Section 1782 aid is set for hearing on January 29, 2026, and Applicant is seeking the discovery in question for use at this hearing.  ECF No. 49 at 1.

The Court is not persuaded by Respondents' arguments that the public interest favors granting the stay pending appeal.  *See* Mem. at 8-9.  Accordingly, the Court finds that the four factors overall weigh in favor of denying the stay pending appeal.

Accordingly, Respondents' Motion for Stay Pending Appeal is DENIED.  Respondent's

Motion for Administrative Stay, however, is GRANTED and will be in effect for **one week from**

**the date of this order** to allow Respondents time to file a motion for a stay in the Second Circuit

Court of Appeals.  The Clerk of Court is directed to terminate ECF Nos. 59 and 63.

    SO ORDERED.

Dated:  December 8, 2025
    New York, New York

_____
    JEANNETTE A. VARGAS
    United States District Judge