UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                      :

IN RE APPLICATION OF *YOUNGPOONG*
*CORPORATION*                                           :         25-MC-00194 (JAV)

FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO :    MEMORANDUM OPINION
CONDUCT DISCOVERY FOR USE IN FOREIGN     :           AND ORDER
PROCEEDINGS                                            :

------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On February 9, 2026, Applicant Youngpoong Corporation ("Applicant") filed a motion to compel Respondents PedalPoint Holdings, LLC ("PedalPoint"), Mr. Kevin Hahm, and Ms. Janet Ha (collectively, "Respondents") to collect and produce responsive communications on email servers maintained by PedalPoint's parent company, Korea Zinc Company, Ltd. ("Korea Zinc"), that PedalPoint regularly used for business communications during the relevant period. ECF No. 75 at 1. While Applicant has received several thousand documents from PedalPoint and other documents are forthcoming, the parties dispute whether PedalPoint is obligated to (1) produce responsive emails sent to and from the "pedalpointllc.com" email domain from September 2022 to September 2024 and (2) produce responsive emails sent to and from the "koreazinc.co.kr" email domain by PedalPoint employees in their capacities as PedalPoint employees. *Id.* at 2, 2 n.3, 3. Respondents contend that PedalPoint lacks the legal right, authority, and practical ability to collect and produce the documents that Applicant seeks. ECF No. 76 at 2. For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Applicant's motion to compel.

       "Federal Rule of Civil Procedure 45 permits a party to command, via subpoena, the production of documents that are in the 'possession, custody, or control' of a non-party." *In re CRC Liquid Strategies Fund, LP*, No. 25-MC-264 (PAE), 2026 WL 35383, at *3 (S.D.N.Y. Jan.

6, 2026) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).  A corporation is presumed to have custody and control of its own records ordinarily required in the normal course of business, and the burden of proving otherwise is on the corporation.  *Hunter Douglas, Inc. v. Comfortex Corp.*, No. CIV. A. M8-85 (WHP), 1999 WL 14007, at *3 n.6 (S.D.N.Y. Jan. 11, 1999).

Additionally, "[c]ourts have construed control broadly to permit discovery from a non-party with the legal right, authority, or practical ability to obtain the materials sought upon demand."  *In re CRC Liquid Strategies Fund, LP*, 2026 WL 35383, at *3 (cleaned up).  "This principle applies where discovery is sought from one corporation regarding materials which are in the physical possession of another, affiliated corporation."  *Id.* (cleaned up).  "If a party has access and the practical ability to possess documents not available to the party seeking them, production may be required."  *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  "'Access' and 'ability to obtain documents' have been found where 'documents ordinarily flow freely between' parent and subsidiary."  *Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 141 (E.D.N.Y. 2009) (quoting *Hunter Douglas, Inc.*, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999)).  "If the party subpoenaed has the practical ability to obtain the documents, the actual physical location of the documents—even if overseas—is immaterial."  *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147-48 (S.D.N.Y. 2011).

The Court GRANTS Applicant's motion to compel production of responsive emails sent to and from the "pedalpointllc.com" email domain.  PedalPoint nowhere denies that the information in these emails belongs to PedalPoint.  *See* ECF No. 76 at 1-3.  This is not a case where an applicant seeks a parent company's records through a subpoena directed at the subsidiary.  Rather, these are PedalPoint's own emails, sent by its employees, on a domain specifically created for use by PedalPoint.  That PedalPoint later stored those records on its

2

parent's servers does not insulate them from discovery. The fact that Korea Zinc has so far denied PedalPoint's request to access those emails is not dispositive either. PedalPoint has thus failed to overcome the presumption that a corporation has custody and control over its own records ordinarily required in the normal course of business. Accordingly, the Court ORDERS Pedal Point to produce "pedalpointllc.com" emails[1] responsive to the subpoena no later than **April 24, 2026**.

The Court DENIES Applicant's motion to compel production of responsive emails sent to and from the "koreazinc.co.kr" email domain by individuals in their capacity as PedalPoint employees. Applicant has not satisfied its burden to demonstrate that these emails are within PedalPoint's possession, custody, or control. Applicant has not produced any evidence that demonstrates that PedalPoint can obtain documents from its foreign parent to assist itself in litigation, can easily obtain documents from its parent when it has an interest in doing so, that documents ordinarily flow freely between it and Korea Zinc, or that Pedal Point has the practical ability to obtain the requested documents for use in its business. *See Hake v. Citibank, N.A.*, No. 19-MC-00125 (JGK) (KHP), 2020 WL 1467132, at *6 (S.D.N.Y. Mar. 26, 2020).

Moreover, to hold that these emails legally belong to PedalPoint would collapse the distinction between PedalPoint and Korea Zinc, thereby undermining one of the basic purposes of § 1782(a) aid: to assist with the discovery of evidence "sought from a *nonparticipant* in the matter arising abroad." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Indeed, compelling such production would appear to render Korea Zinc the true target of the § 1782(a) aid that Applicant originally sought. Furthermore, merely being able to access

---

[1] This obligation encompasses emails sent to the "pedalpointllc.com" email domain from the "koreazinc.co.kr" email domain as well as emails sent from the "koreazinc.co.kr" email domain to the "pedalpointllc.com" email domain.

those emails with the help Korea Zinc's IT department does not demonstrate the kind of "free flow" of information necessary to establish that PedalPoint has control over those emails.

Accordingly, Applicant's motion to compel is GRANTED IN PART AND DENIED IN PART.  PedalPoint is ORDERED to produce emails sent to and from the "pedalpointllc.com" domain that are responsive to the subpoena no later than **April 24, 2026**.  The Clerk of Court is directed to terminate ECF No. 75.

SO ORDERED.

Dated:  February 17, 2026
       New York, New York
                                             JEANNETTE A. VARGAS
                                             United States District Judge