UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF *YOUNGPOONG CORPORATION*<br><br>FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | 25-MC-00194 (JAV)<br><br><u>MEMORANDUM OPINION AND ORDER</u> |

JEANNETTE A. VARGAS, United States District Judge:

On February 17, 2026, this Court granted in part and denied in part a motion filed by Applicant Youngpoong Corporation ("Applicant") to compel two categories of discovery from Respondent PedalPoint Holdings LLC ("Respondent" or "PedalPoint"). *See* ECF No. 77 ("February Order"). In the February Order, the Court ordered Respondent to produce responsive emails sent to and from the "pedalpointpointllc.com" email domain. *See id.* The Court denied Applicant's motion to compel production of responsive emails sent to and from the "koreazinc.co.kr" email domain by individuals in their capacity as PedalPoint employees. *See id.* On August 27, 2026, Applicant filed the instant motion to compel (ECF No. 84) (the "Motion"), again asking the Court to compel disclosure of responsive emails for the "koreazinc.co.kr" domain name. *See* Motion. For the following reasons, the Court DENIES Applicant's motion.

Applicant has filed the Motion pointing to "new evidence" that it claims "shows that PedalPoint's business records hosted on Korea Zinc's servers are in fact within its 'possession, custody, and control.'" *Id.* at 1. This new evidence comes in two parts. First, Applicant points to Respondent's production of "pedalpointllc.com" emails to argue that Respondent has access to

KoreaZinc's servers. *Id.* Second, Applicant relies on deposition testimony given after the February Order, which indicates that "PedalPoint employees continue to use the 'koreazinc.co.kr' domain, depend upon Korea Zinc systems, and regularly communicate with Korea Zinc employees," thereby "showing close coordination between PedalPoint and Korea Zinc." *Id.*

Applicant relies upon Federal Rule of Civil Procedure 54(b) as the basis for relief in this matter. Rule 54(b) generally provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54 (b). Yet the Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964)). Reconsideration under Rule 54(b) is therefore limited to circumstances where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.*; *see also Lanesborough 2000, LLC v. Nextres, LLC*, No. 23-CV-07584 (PKC), 2025 WL 785071, at *1 (S.D.N.Y. Mar. 12, 2025), *aff'd in part, vacated in part, remanded*, 167 F.4th 33 (2d Cir. 2026). The grounds for reconsideration are to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99-CV-06098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

Additionally, motions for reconsideration in this District are governed by Local Rule 6.3. Whilst "Local Rule 6.3 requires a party to submit its motion for reconsideration within fourteen days of the Court's determination of the original motion[,] . . . 'a Rule 54(b) motion is not untimely under Local Rule 6.3 if the evidence upon which the motion is based is newly-discovered.'" *JP Morgan Chase Bank, N.A. v. Reifler*, No. 11-CV-04016 (DAB), 2013 WL 12177061, at *3 (quoting *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 584 (S.D.N.Y. 2001)). Yet timeliness is still a relevant consideration in deciding whether to grant a motion for reconsideration based upon new evidence. For example, "if the movant had the opportunity to present the evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, [a] Rule 54(b) motion should be denied." *Rockland Exposition, Inc. v. Alliance of Automotive Serv. Providers of New Jersey*, 894 F. Supp. 2d 288, 340 (S.D.N.Y. 2012) (citing *In re Rezulin Prods. Liab. Litig.,* 224 F.R.D. 346, 352 (S.D.N.Y. 2004)). Where newly discovered evidence was not promptly presented to the Court, the Court should assess "a tardy movant's explanation for not presenting the evidence earlier, and the potential prejudice to the opposing party which may result from granting the motion." *Id.* at 339.

The new evidence that Applicant relies upon in its Motion consists of production of emails from the "pedalpointllc.com" domain, hosted on Korea Zinc's servers, and of deposition testimony. Respondent first produced such emails on April 18, 2026. *See* ECF No. 85 ("Opp'n") at 1. Applicant filed the Motion on August 27, 2026, over four months after Respondent would – or should – have had notice that of the first piece of new evidence. The deposition testimony relied upon by Applicant was obtained on May 8, 2026, on June 3, 2026, and on June 8, 2026. ECF No. 84-1 ("Fischer Decl."), ¶¶ 8-10. The Motion, therefore, was filed over three-and-a-half months after the first of the depositions that Applicant relies upon,

and over two-and-a-half months after the last of the depositions. Applicant's delay weighs against reconsideration.

Consideration of the evidence presented in support of the Applicant's motion likewise does not persuade the Court that reconsideration of its prior decision is warranted. Applicant's first argument is that PedalPoint's compliance with the Court's prior order requiring the production of responsive records from the pedalpointpointllc.com domain evidences that PedalPoint likewise has possession, custody, and control over the koreazinc.co.kr documents. Motion at 2-3. That is hardly new evidence, however, as the Court expects parties to comply with its directives.

Additionally, the cited deposition testimony does not establish that PedalPoint currently exercises possession, custody or control over Korea Zinc documents, or that it has the "ready ability to obtain" them such that it has constructive control over those records. *See Ferber v. Sharp Elecs. Corp.*, No. 84-CV-3105 (RO), 1984 WL 912479, at *2 (S.D.N.Y. Nov. 28, 1984). Rather, much of the cited evidence bears on the email domain that was used to conduct PedalPoint business when the company was initially stood up, before the pedalpointllc.com domain was created in September 2022. *See* Fischer Decl., ¶ 11. Yet none of this speaks to PedalPoint's current access to the servers where the records in question are stored. Applicant also points to evidence that current PedalPoint executives "communicate very heavily" with Korea Zinc. *See id.*, ¶ 12. Yet communication between a parent company and a subsidiary is not sufficient to establish the requisite control by the subsidiary over the parent company's records.

Accordingly, Applicant's motion is DENIED. The Clerk of Court is directed to terminate ECF Nos. 82, 83, 84.

SO ORDERED.

Dated: November 9, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge